IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON GARNER, on behalf of himself and those similarly situated,

    Plaintiff,

vs.

AZTEC PLUMBING, INC.

    Defendant.

Case No.:

## COLLECTIVE ACTION COMPLAINT UNDER FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL

Plaintiff, BRANDON GARNER ("GARNER" or "Plaintiff"), on behalf of himself and other employees and former employees similarly situated, sues Defendant, AZTEC PLUMBING, INC., ("AZTEC" or "Defendant"), a Florida Profit Corporation, and states:

### NATURE OF ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*("FLSA").

2. Plaintiff alleges Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay Plaintiff and other similarly situated employees overtime wages.

### PARTIES

3. Plaintiff BRANDON GARNER is a resident of Lee County, Florida, in the Middle District of Florida. From October 11, 2020, until February 20, 2022, Plaintiff was employed by Defendant as a "re-pipe plumber."

4. Defendant AZTEC is a Florida Profit Corporation engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 12410 Metro Parkway, Fort Myers, Florida 33966.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

6. The Middle District of Florida, Fort Myers Division, is the proper venue because Defendant is headquartered in Fort Myers, Florida, where Defendant employed Plaintiff and other similarly situated employees as re-pipe plumbers.

## FLSA COVERAGE

*Enterprise Coverage*

7. At all times material to this action, Defendant was Plaintiff's "employer," and Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce.

9. At all times material, Defendant had gross sales volume of at least $500,000 annually.

10. At all times material, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

*Individual Coverage*

11. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage under the FLSA.

12. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendant.

13. The products and materials that Plaintiff used on a regular and recurrent basis, which were supplied to him by Defendant to use on the job, moved through interstate commerce.

14. To further Defendant's business purpose, Plaintiff regularly communicated with out-of-state customers, prospective customers, vendors, and suppliers.

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff and the putative class members are current and past "re-pipe plumbers" defined as follows:

    **All plumbers who worked for Aztec Plumbing's re-pipe division at any time in the three (3) years preceding the filing of the Complaint who worked over forty (40) hours in any workweek and were not paid overtime wages.**

16. At any given time, Defendant employs approximately 30 plumbers in its re-pipe division.

17. Plaintiff and the putative class members performed the same or similar job duties.

18. Plaintiff and the other re-pipe plumbers regularly worked in excess of forty (40) hours in a workweek.

19. Plaintiff and the putative class members were paid under the same compensation structure.

20. Prior to about September 2019, Plaintiff and the other re-pipe plumbers were paid on an hourly basis. During this time, Defendant paid overtime wages.

21. After September 2019, Plaintiff and the other re-pipe plumbers were paid a percentage of each project they completed. During this time and to present, Defendant did not pay overtime wages.

22. Plaintiff and the other similarly situated re-pipe plumbers are owed overtime wages for hours worked in excess of forty (40) hours from about September 2019 to present.

23. The common policy or practice resulting in the overtime violations uniformly applied to Plaintiff and the similarly situated re-pipe plumbers.

## FACTS

24. AZTEC is a Southwest Florida plumbing contractor.

25. AZTEC has operated its business since approximately 1991.

26. AZTEC has several divisions in its business model, including plumbing service, plumbing installation, and plumbing re-piping.

27. AZTEC's re-pipe division is responsible for removing a structure's existing water lines and replacing them with a newer water line material.

28. AZTEC hired Plaintiff on or around October 11, 2020 as a "re-pipe plumber." Plaintiff's employment continued with AZTEC in the same position until February 20, 2022.

29. As a re-pipe plumber, Plaintiff was a laborer responsible for re-piping the customer's homes. The primary duties of a re-pipe plumber include:

    a. Reporting to AZTEC's shop at approximately 7 AM to collect job supplies and tools, and receive daily assignments;

    b. Driving to the customers' homes;

    c. Completing re-piping projects for the day;

    d. Returning to AZTEC's shop to take back work vehicles, clean up, and complete any other end-of-day duties required by AZTEC.

30. Plaintiff and the putative class members routinely worked, on average, approximately 10 to 12 hours per day, five or six days per week. Plaintiff and the other re-pipe plumbers began working at about 7 AM and stopped work when the job was complete and then returned to the shop. Although generally the work stopped at approximately 6 PM, the re-pipe plumbers often worked late into the evening.

31. Plaintiff and the other re-pipe plumbers' time is recorded on time sheets.

32. From about September 2019 to present, Plaintiff and the other re-pipe plumbers were paid a percentage of each project completed. Plaintiff and the other re-pipe plumbers were paid the percentage regardless of the number of hours worked.

33. From about September 2019 to present, AZTEC did not pay overtime wages to Plaintiff and the other re-pipe plumbers.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Plaintiff and those similarly situated worked more than forty (40) hours in one or more workweeks.

36. Although Plaintiff and those similarly situated were required, permitted, or encouraged to work more than forty hours per week.

37. AZTEC failed or refused to compensate Plaintiff and the other re-pipe plumbers overtime wages calculated 1.5 times the regular rate for all hours worked since about September 2019.

38. Defendant violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff and similarly situated re-pipe plumbers.

39. Defendant knew its policy and practice for re-pipe plumber compensation violated the FLSA overtime provisions. Defendant acted willfully or with reckless disregard of the FLSA because Defendant knew its practice violated the law and continued implementing the unlawful practice.

40. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief on behalf of himself and those similarly situated re-pipe plumbers:

a. Pursuant to 29 U.S.C. § 216(b), an order of conditional certification authorizing notice to the perspective class and an opportunity to opt-in to the action.

b. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

c. Unpaid overtime wages;

d. Liquidated damages;

e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

f. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: April 22, 2022

Respectfully submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com

**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL 33901
Tel: 239.334.7017