```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

BRANDON GARNER, on behalf of
himself and those similarly
situated,

        Plaintiff,

v.　　　　　　　　　　　　　　Case No:　2:22-cv-260-JES-NPM

AZTEC PLUMBING, INC.,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Conditionally Certify FLSA Collective Action and Authorize Notice (Doc. #27) filed on August 27, 2022. Defendant filed a Response in Opposition (Doc. #28) on September 12, 2022.

### I.

The following general facts are admitted in the Answer to Complaint (Doc. #17) and therefore undisputed: Aztec Plumbing, Inc. (Aztec or defendant) is a Southwest Florida plumbing contractor in business since 1991. Aztec has several divisions: plumbing, plumbing installation, and plumbing re-piping. The re-pipe division is responsible for removing a structure's existing water lines and replacing them with a newer water line material.

Defendant employed Brandon Garner (Garner or plaintiff) as a re-pipe plumber from October 11, 2020, until February 20, 2022.

At all material times, defendant had gross sales volume of at least $500,000 annually and employed at least two or more employees who handled, sold, or worked with goods or materials that have moved through interstate commerce. Defendant is an "enterprise engaged in commerce" within the meaning of the FLSA and plaintiff was "engaged in commerce" subject to individual coverage under the FLSA. Plaintiff's work was essential and the products and materials that plaintiff used on a regular basis moved through interstate commerce. Plaintiff also regularly communicated with out-of-state customers, vendors, and suppliers. Plaintiff and the other re-pipe plumbers use time sheets to record their time.

## II.

Plaintiff alleges one count of unpaid overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, for hours worked over the 40-hour workweek since September 2019. Plaintiff alleges the violation on behalf of himself and other re-pipe plumbers similarly situated. Plaintiff seeks conditional certification to authorize notice on potential class members to opt-in to the action and for wages, liquidated damages, and attorney fees. Plaintiff seeks to conditionally certify a class consisting of:

> All plumbers who worked for Aztec Plumbing's re-pipe division at any time between April 22, 2019 and present who worked over forty (40) hours in any workweek and were not paid overtime wages.

(Doc. #27, p. 2.) Four opt-in plaintiffs (Aaron Aylesworth, Anthony Purple, Cade Edmonds, and Colin Taylor) consented to join the litigation and their Consents are attached to the Complaint Doc. #1). (Doc. #1-3.) Plaintiff argues that 40 to 60 similarly situated re-pipe plumbers may wish to participate.

Each of the plaintiffs asserts that defendant failed to record or prohibited the recording of all working time, misclassified them as exempt from overtime, and miscalculated compensation. Employees classified as exempt by defendant do not receive overtime pay and "generally receive the same weekly salary regardless of hours worked." (Doc. #28-1, p. 43.)

### A. Brandon Garner

The named plaintiff was employed from October 11, 2020 to February 20, 2022. Garner's Answers to FLSA Court Interrogatories (Doc. #24) reflect that Garner was scheduled to work from Monday to Friday, approximately 7 am to 6 pm, and Sundays from 7 am to 6 pm. Garner's duties included reporting to the shop at approximately 7 am to collect job supplies and tools and receive daily assignments, driving to customers' homes, completing re-piping projects for the day, returning to the shop to take back

work vehicles, clean up, and complete any other end-of-day duties required. Garner's regular rate of pay was a percentage of each job even though he regularly worked 20 to 30 hours overtime per week. Garner states that he was not paid overtime for hours worked over 40 hours a week and his immediate supervisor Chris Todesco confirmed he was owed overtime compensation when he orally complained to his employer around February 2022.

### B. Aaron Aylesworth

Opt-in plaintiff was employed between March 2021 and October 5, 2021, with a regular schedule of 6:30 am to 5:30 pm. Aylesworth had the same job duties as Garner and received a percentage of each job completed. Aylesworth was not paid overtime for hours worked over 40 hours a week and he filed verified responses. (Doc. #22.)

### C. Anthony Purple

Opt-in plaintiff was employed February 2019 to May 2021 and worked approximately the same scheduled hours as Aylesworth and with the same duties. Purple also received a percentage of each job completed and was not paid overtime for hours worked over 40 hours in a week. (Doc. #23.)

### D. Cade Edmonds

The third opt-in plaintiff was employed from June 5, 2021, to February 20, 2022. Edmonds worked approximately 7 am to 5:30 pm

with the same job duties as the others for a percentage of each job completed. Edmonds was not paid overtime compensation. (Doc. #25.)

### E. Colin Taylor

The fourth opt-in plaintiff was employed from September 17, 2019, to July 6, 2021. Taylor worked regular hours from 7 am to 5:30 pm with the same job duties as the others. Unlike the other plaintiffs, Taylor was paid hourly from September 17, 2019 until December 2020. In December 2020 until July 2021, Taylor received a percentage of each job he completed. Taylor did not receive overtime compensation for hours worked over 40 hours in a week. (Doc. #26.)

### III.

"Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. DeKalb Cnty., 349 F.3d 1294, 1297 (11th Cir. 2003). An action to recover "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "'[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members.'" Hipp v. Liberty Nat. Life

Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (citation omitted). With this 'fairly lenient standard', only conditional certification is granted. Id.

"At the notice stage, the court must initially determine: 1) whether there are other employees who desire to opt in to the action; and 2) whether the employees who desire to opt in are 'similarly situated.'" Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330, 1334 (M.D. Fla. 2007) (citing Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991)). During this 'notice stage', "the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." Hipp, 252 F.3d at 1218.

**A. Employees Who Desire to Opt-In**

The Eleventh Circuit has stated:

> Participants in a § 216(b) collective action must affirmatively opt into the suit. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court. Albritton v. Cagle's, 508 F.3d 1012, 1017 (11th Cir. 2007).
>
> . . . .

> Therefore, the importance of certification, at the initial stage, is that it authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees. Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). After being given notice, putative class members have the opportunity to opt-in. The action proceeds throughout discovery as a representative action for those who opt-in. See id.

Morgan v. Fam. Dollar Stores, Inc., 551 F.3d 1233, 1258-59 (11th Cir. 2008) (internal footnotes omitted). Plaintiff meets the first requirement of the notice stage by demonstrating a desire to opt-in by presenting four individuals who have opted-in and consented to join the class. White v. SLM Staffing LLC, No. 8:16-CV-2057-T-30TBM, 2016 WL 4382777, at *2 (M.D. Fla. Aug. 17, 2016) ("Here, with six notices-of-consent-to-join, White has provided a reasonable basis that other employees desire to opt-in.").

**B. Similarly Situated**

Defendant argues that the proposed class is generalized and cut-and-paste and therefore insufficient to demonstrate similarity. "All plumbers in the re-pipe division" is a rather broad description for a division of the company that may include both part-time and full-time employees, but it is geographically limited to Southwest Florida and in the number of employees and the type of plumber at the company. The duties detailed in the answers to interrogatories are also identical: arrival to the job

for assignments, driving to customers, completing work, and returning to the shop. Garner's Declaration (Doc. #27-1) provides some more details. Garner describes the main duty of a re-pipe plumber is to remove a customer's old pipes and replace them with new pipes through manual labor. (Id., ¶ 14.) Purple's Declaration (Doc.#27-2, ¶ 13) identifies the same duties. Plaintiff argues there is a 'common unified policy or plan' applied to all re-pipe plumbers to not pay overtime compensation. Before September 2019, re-pipe plumbers were paid hourly and received overtime compensation. In September 2019, the compensation policy changed to a percentage of each job completed without overtime compensation for all re-pipe plumbers. The percentage ranged from 3.5% to 7.5% depending on the number of re-pipe plumbers on the job. (Doc. #27-1.) Under the Employee Handbook, exempt employees are required to record their daily work attendance and report full days of absence from work. Employees may work overtime only with prior management authorization. (Id., p. 44.) Under the record available at the notice stage and the low threshold, the Court finds that conditional certification is appropriate.

## IV.

Having found that conditional certification is appropriate, the Court must examine the proposed Notice of Pendency of FLSA Lawsuit for Unpaid Overtime (Doc.#27-3.) Defendant argues that

the three-year period commences on the date that the Notice is mailed, and not the date the Complaint was filed.

For a class action under the FLSA,

> it shall be considered to be commenced in the case of any individual claimant--
>
> **(a)** on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> **(b)** if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.  Therefore, Garner's case began on the date of the complaint, while others will have later dates when written consents are filed.  The Court will allow notice to be sent to re-pipe plumbers that worked within the last three years of the date the Notice is mailed. <u>Rosales v. El Michoacana LLC</u>, No. 2:15-CV-711-FTM-38CM, 2016 WL 7093432, at *4 (M.D. Fla. Oct. 20, 2016), <u>report and recommendation adopted</u>, No. 2:15-CV-711-FTM-38CM, 2016 WL 7034403 (M.D. Fla. Dec. 2, 2016); <u>Belloso v. Asplundh Tree Expert, Co.</u>, No. 6:17-CV-2020-ORL-40GJK, 2018 WL 4760671, at *5 (M.D. Fla. Aug. 24, 2018).

Defendant also argues that the Notice should be revised as to the class definition and the methods of contacting class members.

Defendant objects to any form of notice beyond standard U.S. mail and email, and personal email only. Defendant also argues that the proposed notice should include defense counsel's information, that members may have to physically appear for deposition and in court, and that if the claims were brought in bad faith, they may be responsible for defendant's attorney fees. The Court adopts some, but not all, of these points.

The class will be defined as follows:

> All re-pipe plumbers who worked for Aztec Plumbing's re-pipe division at 12410 Metro Parkway, Fort Myers, Florida, any time within the three years prior to [Date of Notice] who worked over forty (40) hours in any workweek and were not paid overtime wages.

"A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class." Palma v. Metropcs Wireless, Inc., No. 8:13-CV-698-T-33MAP, 2014 WL 235478, at *2 (M.D. Fla. Jan. 22, 2014) (collecting cases). Posting the notice at the workplace would only be appropriate if defendant produces an inadequate list of names and addresses or fails to cooperate. Pieczynski v. LCA Vision, Inc., No. 6:20-CV-1457-CEM-DCI, 2022 WL 1238552, at *4 (M.D. Fla. Jan. 14, 2022), report and recommendation adopted, No. 6:20-CV-1457-CEM-DCI, 2022 WL 1238574 (M.D. Fla. Feb. 1, 2022). Assuming defendant can provide personal e-mail addresses for all

the re-pipe plumbers, the Court will not require use of the Aztec email addresses.

"Because neither individualized participation in trial nor discovery is required, the Court finds a warning that potential opt-in plaintiff would have to travel [to] participate is unwarranted." Belloso v. Asplundh Tree Expert, Co., No. 617CV2020ORL40GJK, 2018 WL 4760671, at *4 (M.D. Fla. Aug. 24, 2018). There is nothing improper, however, with the inclusion of defense counsel's information as well. Id. Further, a warning that plaintiffs could be liable for defendant's attorney fees should be included. Pieczynski v. LCA Vision, Inc., No. 6:20-CV-1457-CEM-DCI, 2022 WL 1238552, at *3 (M.D. Fla. Jan. 14, 2022), report and recommendation adopted, No. 6:20-CV-1457-CEM-DCI, 2022 WL 1238574 (M.D. Fla. Feb. 1, 2022). All of this being said, the Court will provide the parties an opportunity to agree to the language of the Notice.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Authorize Notice (Doc. #27) is **GRANTED.**

2. Plaintiff's counsel shall confer with defense counsel regarding the form of the notice to attempt to reach an agreement as to its language.

3. If the parties do not reach an agreement as to the language of the notice, plaintiff shall file a revised proposed notice within **THIRTY (30) DAYS** of this Order. Defendant may file objections within **FOURTEEN (14) DAYS** of the filing of the proposed notice.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of September 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record